LAWRENCE V. CARRA', ESQ.
114 Old Country Road
Suite 212
Mineola, NY 11501
516-742-1135
Fax: 516-742-0299

February 25, 2008

Honorable Lewis A. Kaplan
U.S. District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   U.S. v. Leo
      Docket No. S31 06 CR 008-36 (LAK)

Dear Honorable Judge Kaplan:

      As you know, the undersigned represents Danny Leo ("Mr. Leo"), the Defendant in the above referenced criminal proceeding. I have had an opportunity to review with the defendant the Presentence Investigation Report prepared by the United States Probation Office ("Probation") on December 26, 2007 and revised by addendum on January 23, 2008.[1] On behalf of Mr. Leo, I respectfully submit this memorandum in connection with his sentencing presently scheduled to be held before Your Honor on February 28, 2008.

The Plea and Plea Agreement

      Based upon the Superseding Indictment filed in this case, Mr. Leo was arrested on May 30, 2007. He has been in custody since the date of his arrest. On October 31, 2007, Mr. Leo pleaded guilty before the Honorable Andrew J. Peck to Counts Three (3) and Four (4) of the Superseding Indictment charging him with conspiracy to commit extortion as defined in 18 U.S.C. §§ 1951(b)(2) and (b)(3).

---

[1] References to the Presentence Investigation Report will hereinafter be cited as "PSI Report" followed by the appropriate page and/or paragraph number.

Pursuant to a written plea agreement, dated October 31, 2007, the parties stipulated the computation of Mr. Leo's Total Offense Level under the United States Sentencing Guidelines ("Guidelines") to be 25 (PSI Report, p. 5). The parties stipulated Mr. Leo's Criminal History Category to be I (PSI Report, p. 5). Based upon these computations, the parties stipulated Mr. Leo's Guidelines sentence range to be fifty-seven (57) to seventy-one (71) months (PSI Report, p. 5).

As part of the plea agreement, the parties also stipulated that neither party would seek an upward or downward departure or adjustment (PSI Report, p. 5). In addition, it was stipulated that neither party would suggest that Probation consider such a departure or adjustment (PSI Report, p. 5). Finally, the parties stipulated that a sentence within the stipulated Guidelines range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a) (PSI Report, p. 5).

### Mr. Leo's Family

Mr. Leo has been married to his wife, Theresa ("Mrs. Leo"), for over 43 years (PSI Report, p. 24). The Leos have two sons (PSI Report, p. 24). Joseph Leo,[2] age 40, is a market maker (trading equities in the financial market); Danny Leo, age 35, is a business owner (PSI Report, p. 24). Both are college-educated, married and respected members of their community. They are united in their devotion to their father and, despite the allegations of this case, continue to have nothing but love, respect and admiration for him. Both sons reside in Boca Raton, Florida, offering an unwavering source of support for Mrs. Leo, who resides nearby in the couple's Boca Raton condominium (PSI Report, p. 25).

### Probation's Sentencing Recommendations

Probation recommends that Your Honor impose upon Mr. Leo a sentence of 57 months' imprisonment to be followed by two (2) years of supervised release (PSI Report, p. 32). Probation also recommends that Mr. Leo pay a $200 special assessment and a $10,000 fine to be paid in $1,000 monthly installments over a period of supervision to commence thirty (30) days after his release from custody (PSI Report, p. 33). I respectfully request that Your Honor follow Probation's recommendations in all respects. As noted by Probation, the recommended sentence is justified in that it fully addresses the sentencing objectives of punishment and deterrence (PSI Report, p. 31).

### Federal Correctional Complex Coleman

I respectfully request that Your Honor recommend to the Bureau of Prisons (BOP) that Mr. Leo be confined to one of the security facilities in the Federal Correctional Complex Coleman ("FCC

---

[2] Mr. Leo's son, Joseph, is not the co-Defendant with the same name in this case.

Coleman"). Located in central Florida, FCC Coleman includes low and medium security facilities, both housing male inmates. The reason for my request is two-fold. The first is that, following his release, Mr. Leo intends to reside with his wife in their Boca Raton condominium. The second is that Mrs. Leo presently resides full-time in Boca Raton in order to be near the couple's two (2) sons, Joseph and Danny. It would work a severe hardship, if not an impossible one, for Mrs. Leo to have to travel to a northeast facility in order to visit her husband. Additionally, having Mr. Leo in FCC Coleman will allow Mrs. Leo to be accompanied by one or both sons on her visits. Given that Mr. Leo's entire immediate family resides in Florida, I respectfully submit that this request is a reasonable one. While I am aware that BOP makes the final decision on facility designation, in my past experience I have found that BOP welcomes judges' recommendations and follows them when security and availability concerns permit.

Community Confinement Facility (Halfway House Treatment)

I respectfully request that Your Honor also recommend to BOP that Mr. Leo be granted confinement to a community confinement facility for 180 days, based upon his projected release date (i.e., halfway house treatment). Again, while the ultimate determination may be solely in BOP's discretion, I have found that a judge's recommendation carries a great deal of weight with BOP. I respectfully request that Your Honor recommend Mr. Leo for appropriate halfway house treatment.

Very truly yours,


Lawrence V. Carra`, Esq.

cc:    AUSA Eric Snyder
       U.S. Probation Officer Diane C. Moczydlowski
       Danny Leo